## Elias v. Liberty Mutual Insurance Co.

*W. M. Spencer*, for plaintiff.

*George C. Corson, Jr.*, of *Wright, Mauck & Spencer*, for defendant.

GROSHENS, J., April 10, 1961.—Plaintiff, a member of his father's household, was injured as a result of a collision with another vehicle while he was driving his father's car. As a result of the accident, plaintiff was totally disabled for three weeks. Plaintiff sued defendant insurance carrier on the theory that he was entitled to payments for disability under his father's insurance policy. Defendant admits that plaintiff was injured and suffered three weeks disability, but it denies that he was insured under his father's policy. Plaintiff recovered judgment for $76.88 in his suit before a justice of the peace. Defendant has appealed, and the case is before the court on defendant's motion for judgment on the pleadings.

The pertinent provision of the insurance policy is "Coverage X." Among other provisions, coverage X provides for total disability benefits. Part III reads:

"To pay weekly indemnity at the rate in the schedule for the period of continuous total disability of *the insured* which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by *the insured* while in or upon, or while entering into or alighting from, or through

being struck by, an automobile, provided (1) such disability shall commence within twenty days after the date of the accident, and (2) any disability shall be deemed total disability only if it shall continuously prevent the insured from performing every duty pertaining to his occupation.

"The weekly indemnity for total disability as provided herein shall in no event be payable for more than the number of consecutive weeks specified in the schedule as the maximum duration for such weekly indemnity payments.

"2. DEFINITION OF INSURED. With respect to the insurance afforded by this endorsement, *the unqualified word 'insured' means the person or persons named in item 1 of the declarations of the policy.*" (Italics supplied.)

It is specifically stated under the conditions pertaining to "Coverage X" that "none of the insuring agreements, exclusions or conditions of the policy shall apply to the insurance afforded by this endorsment except the conditions "Notice" or "Notice of Accident," "Action Against Company (Medical Payments)," "Changes," "Assignment," "Cancellation" and "Declarations."

Under "Item 1. Named insured and address" appears the name Albert Elias, 323 South Sixtieth Street, Philadelphia 43, Pa. Albert Elias is the father of plaintiff. Albert Elias is the only person named in item 1 of the policy and, therefore, under the definition of insured under "Coverage X", only Albert Elias is covered by the provisions of disability under "Coverage X." Any other interpretation would flout the plain meaning of the language used. Where the language of an insurance policy is clear and unambiguous, it cannot be construed to mean otherwise than what it says: Yoder v. United Benefit Life Insurance Co., 171 Pa. Superior Ct. 18 (1952).

Plaintiff, under the plain meaning of the contract, cannot recover for disability under the policy of his father.

*Order*

And now, April 10, 1961, the motion of defendant for judgment on the pleadings is sustained, and the prothonotary is directed to enter judgment for defendant.